**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NATHANIEL JOSEPH**                                                   **CIVIL ACTION**

**VERSUS**                                                                        **NO. 24-208-BAJ-RLB**

**KATHRYN E. JONES, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 10, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHANIEL JOSEPH                                              CIVIL ACTION

VERSUS                                                        NO. 24-208-BAJ-RLB

KATHRYN E. JONES, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Nathaniel Joseph's ("Plaintiff") Complaint[1] for Violation of Civil Rights (the "Complaint") and Notice of Additional Evidence. (R. Docs. 1; 3).

## I.    Background

On March 15, 2024, Plaintiff filed a 42 U.S.C. § 1983 Complaint against Judge Kathryn E. Jones, a district judge in the 20th J.D.C. of Louisiana; Nicholas Roszczvnialsk, an assistant district attorney for East Feliciana Parish; and Ron Sanford, an East Baton Rouge Parish Sheriff's Deputy. (R. Doc. 1). The Complaint concerns an order, issued by Judge Jones on August 10, 2023 (the "Child Support Order"), that ordered Plaintiff "to pay $185.28 per month in child support[.]" (R. Docs. 1; 3 at 8). Plaintiff's primary contention is that this Order was issued after he failed to appear for a hearing before Judge Jones (the "Child Support Hearing"), but that he never received notice of the hearing. (R. Doc. 1). He alleges that Deputy Sanford falsely represented that he served the Plaintiff with notice of the hearing.

Plaintiff claims that, because of this event, his due process rights were violated, he suffered emotional distress, and his character was defamed. (R. Doc. 1). Thus, Plaintiff argues that (1) Judge Jones should be held individually liable for signing the Child Support Order, (2) Deputy Sanford should be held individually liable for misrepresenting that he served Plaintiff,

---

[1] While held to lower standards, *pro se* plaintiffs are bound by procedural and substantive law and are not entitled to have courts create causes of action for them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted); *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

2

and (3) Roszczvnialsk should be held individually liable for failing to investigate the service issue after stating he would do so.[2] (R. Docs. 1; 3 at 9, 10, 11). Plaintiff seeks compensation for (i) the amounts garnished, (ii) his court costs, and (iii) his "pain [and] suffering." (R. Doc. 1 at 5). Plaintiff also states that he "would like the court to dismiss this claim, and anything that's dealing with it[, because he] never presented [him]self in court and they are garnishing [his] checks, and income taxes." (R. Doc. 1 at 5). Based on Plaintiff's statements at the April 30, 2024 hearing, this Court understands the above to mean Plaintiff seeks dismissal of the Child Support Order itself.

## II.     Law and Analysis

### A.     Absolute Judicial Immunity

With regard to suits against judges in their individual capacity, "judges enjoy absolute judicial immunity from lawsuits that cannot be overcome by allegations of bad faith or malice." *Severin v. Par. of Jefferson,* 357 F. App'x 601, 604 (5th Cir. 2009) (citation omitted). A judge is judicially immune as long as she was not performing a "non-judicial action" or acting outside of her "jurisdiction[.]" *Mireles v. Waco,* 502 U.S. 9, 11 (1991). (R. Doc. 1). Because the signing of an order such as the Child Support Order is a function normally performed by a judge, and it is undisputed that Judge Jones had jurisdiction, this Court finds that Judge Jones is immune from Plaintiff's suit. *See Avdeef v. Royal Bank of Scotland, PLC,* No. 4:13-CV-967-O, 2014 WL 4055369, at *3-4 (N.D. Tex. Aug. 15, 2014), *aff'd sub nom. Avdeef v. Royal Bank of Scotland, P.L.C.,* 616 F. App'x 665 (5th Cir. 2015) ("Plaintiff brought this claim based on the belief that Judge Chubb was incorrect in his judicial decisions[, but] Judge Chubb is entitled to absolute immunity for his judicial acts."). This Court therefore finds Plaintiff's action against Judge Jones

---

[2] Plaintiff made these arguments during a hearing in this Court on April 30, 2024. (R Docs. 2; 5).

3

should be dismissed and advises that should Plaintiff disagree with Judge Jones' decision, he should timely, if possible, appeal the decision at the state court level.

### B. No Cause of Action for Failure to Investigate

This Court also recommends the dismissal of Plaintiff's claim against Roszczvnialsk, individually, for his alleged failure to investigate Plaintiff's improper service complaint. "It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch[, a]nd so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution." *Lefebure v. D'Aquilla,* 15 F. 4th 650, 654 (5th Cir. 2021). Thus, "Supreme Court precedent makes clear that a citizen does not have standing to challenge the policies of the prosecuting authority unless [he] [him]self is prosecuted or threatened with prosecution." *Id.* at 652 (citation omitted). In other words, "victims do not have standing based on whether *other* people . . . are investigated or prosecuted[, meaning] a crime victim may not challenge a prosecutor's failure to investigate h[is] perpetrator." *Id.* Consequently, Plaintiff lacks standing to sue Roszczvnialsk, individually, based on his alleged failure to investigate the service issue. *Id.*

### C. *Rooker-Feldman* Precludes Review of Validity of State Court Proceeding

Plaintiff remaining claim against Deputy Sanford concerns whether he was actually served with notice of the hearing, and if not, whether Deputy Sanford's false representation led to the improper issuance of the Child Support Order. In short, Plaintiff is asking this Court to determine that the Child Support Order was improperly issued.

Under the *Rooker-Feldman* doctrine, "[j]urisdiction over appeals from state courts is outside the jurisdiction of federal district courts." *Avdeef v. Royal Bank of Scotland, PLC,* No. 4:13-CV-967-O, 2014 WL 4055369, at *2 (N.D. Tex. Aug. 15, 2014), *aff'd sub nom. Avdeef v. Royal Bank of Scotland, P.L.C.,* 616 F. App'x 665 (5th Cir. 2015) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923)). "When constitutional claims are 'inextricably intertwined' with

4

a state court's decision, the district court is in essence being called upon to review the state court's decision, which it may not do." *Id* (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486-87 (1983)).

It is apparent that Plaintiff brought a claim against Deputy Sanford to challenge the Child Support Order. Plaintiff's entire argument is that the Child Support Order was improperly signed since he was never notified of the Child Support Hearing by Deputy Sanford. (R. Doc. 1). In support, Plaintiff introduces evidence of his location on the stated date of service and explains that Judge Jones knew that: (1) Deputy Sanford noted he personally served Plaintiff on June 23, 2023, and (2) Plaintiff called Judge Jones' chambers to say he had not been served. (R. Docs. 1; 3).

Plaintiff intends for this Court to determine that the Child Support Order was improperly issued because the evidence of service was insufficient or false. (R. Docs. 1; 3). Plaintiff provides this Court with information similar to that presented to Judge Jones and asks this court to dismiss the Child Support Order. (R. Doc. 1). Being inextricably intertwined with Judge Jones' Child Support Order, Plaintiff's claim against Deputy Sanford therefore serves as a request for this Court to review Judge Jones' decision. The *Rooker-Feldman* doctrine applies. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine [applies to] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Under the *Rooker-Feldman* doctrine, this Court cannot reassess the information that was before Judge Jones or dismiss her Child Support Order because such an activity is reserved for state courts of appeal. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (lower federal courts precluded from "exercising appellate jurisdiction over final state-court judgments."); *see also Gutierrez v. LVNV Funding, LLC,* No. EP-08-CV-225-DB, 2009 WL 10699516, at *11 (W.D. Tex. Mar. 16, 2009) (citing *United States*

5

*v. Shepherd*, 23 F. 3d 923, 924 (5th Cir. 1994)) (review prohibited if claim "'inextricably intertwined' with a state judgment such that the federal court would have to conclude that the state court wrongly decided the issues before it.").

Thus, this Court is barred from reviewing Plaintiff's claim against Deputy Sanford because it has no jurisdiction. To the extent Plaintiff seeks review of deficiencies in the state court proceedings, he may appeal in state court.

    **D.**    **Supplemental Jurisdiction**

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

**III.**    **Conclusion**

For the foregoing reasons,

    **IT IS RECOMMENDED** that Plaintiff's case be **DISMISSED** with prejudice.

Signed in Baton Rouge, Louisiana, on July 10, 2024.

    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**